UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RACHEL A. WINDHAM, )<br>)<br>    Plaintiff, )<br>        v. )<br>)<br>DEPARTMENT OF HOUSING )<br>AND URBAN DEVELOPMENT, )<br>)<br>    Defendant. ) | CIVIL ACTION<br>NO. 14-14069-JGD |

# MEMORANDUM OF DECISION AND ORDER
## ON GOVERNMENT'S MOTION TO DISMISS

October 19, 2015

DEIN, U.S.M.J.

### I. INTRODUCTION

The plaintiff, Rachel A. Windham, filed a *pro se* "Complaint for Injunctive Relief" (Docket No. 1) seeking to compel the Department of Housing and Urban Development ("HUD") to produce documents in response to her Freedom of Information Act ("FOIA") request made pursuant to 5 U.S.C. § 552. By her FOIA request, Windham is seeking, as a general statement, documents relating to JP Morgan Chase's mortgage loan on her home, which JP Morgan Chase contends is in default. The government has moved to dismiss the complaint pursuant to Fed. R. Civ. 12(b)(1) on the grounds that this court lacks subject-matter jurisdiction over this dispute because HUD does not have the documents the plaintiff is seeking. (Docket No. 19). While the motion to dismiss was under advisement, Windham filed a "First Amended Motion for Petition for Writ of Mamandus [sic]" seeking a writ of mandamus requiring HUD to produce documents.

(Docket No. 31). HUD filed a Response, again asserting that HUD does not have the requested documents, and again requesting that the complaint be dismissed. (Docket No. 32).

After careful consideration of the documents submitted and oral arguments of the parties, this court finds that HUD has made a reasonable search for the requested information and that it does not have any of the documents the plaintiff is seeking. The motion to dismiss (Docket No. 19) is ALLOWED, and the motion for writ of mandamus (Docket No. 31) is DENIED.

## II. ANALYSIS

### Jurisdiction

HUD has brought this motion pursuant to Fed. R. Civ. P. 12(b)(1), alleging that this court lacks subject-matter jurisdiction of this claim. "A court is permitted to look beyond the pleadings to determine jurisdiction on a 12(b)(1) motion," and doing so does not convert the motion into one for summary judgment. Katz v. Pershing, LLC, 806 F. Supp. 2d 452, 456 (D. Mass. 2011) (and cases cited). See also Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001) (explaining differences between Rule 12(b)(1) motion and motion for summary judgment). Therefore, this court will consider the affidavits and other exhibits submitted by both parties in connection with this decision. See Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002).

In connection with a FOIA request, "federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150, 100 S. Ct. 960, 968, 63 L. Ed. 2d 267 (1980) (citing 5 U.S.C. § 552(a)(4)(B)). Therefore, if an agency did not improperly withhold records, this court lacks jurisdiction over the FOIA dispute. See Carson v. U.S. Office of Special Counsel, 534

[2]

F. Supp. 2d 99, 103 (D.D.C. 2008) ("the Court's jurisdiction under the FOIA extends only to claims arising from the improper withholding of agency records" (emphasis omitted)).  Under such circumstances, dismissal pursuant to Fed. R. Civ. P. 12(b)(1) would be appropriate.  See Caracciolo v. U.S. Merit Sys. Prot. Bd., No. 07 Civ. 3487(KNF), 2008 WL 2622826, at *2 (S.D.N.Y. July 3, 2008) (finding "that the defendant has met its burden of establishing that the Court lacks jurisdiction to enjoin the defendant and to order the production of agency records sought by the plaintiff, by showing that it did not withhold from the plaintiff any of her record documents.").  Similarly, mandamus will only lie where there is "(a) some special risk of irreparable harm, and (b) clear entitlement to the relief requested."  In re Recticel Foam Corp., 859 F.2d 1000, 1005 (1st Cir. 1988).  Therefore, if the complaint is dismissed, the motion for a writ of mandamus must be denied as the plaintiff would not be entitled to the relief sought.

### Agency Obligations Under FOIA

In response to a FOIA request, an agency must make "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."  Oleskey ex rel. Boumediene v. U.S. Dep't of Defense, 658 F. Supp. 2d 288, 294 (D. Mass. 2009) (quoting Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990) (and cases cited)).  There is no obligation that every conceivable record be searched, rather, the search must be of the files likely to contain responsive materials.  Sephton v. F.B.I., 365 F. Supp. 2d 91, 100 (D. Mass. 2005), aff'd, 442 F.3d 27 (1st Cir. 2006).  Under FOIA, adequacy of the search "is not determined by whether relevant documents might exist, but whether the agency's search was reasonably calculated to discover the requested documents." Moffat v. U.S. Dep't of Justice, 716 F.3d 244, 254 (1st Cir. 2013) (internal quotations omitted).

This is a case-specific inquiry, and the search is judged pursuant to a reasonableness standard. Id. The burden is on the agency to establish the reasonableness of its search. Id.

"In order to establish the adequacy of its search, the agency may rely upon affidavits provided they are relatively detailed and nonconclusory, and are submitted by responsible agency officials in good faith." Maynard v. C.I.A., 986 F.2d 547, 559 (1st Cir. 1993). Moreover, "[a] satisfactory agency affidavit should, at a minimum, describe in reasonable detail the scope and method by which the search was conducted." Id. "The affidavit should additionally describe at least generally the structure of the agency's file system which makes further search difficult." Id. (internal quotations omitted). "[I]f an agency demonstrates that it has conducted a reasonably thorough search, the FOIA requester can rebut the agency's affidavit only by showing that the agency's search was not made in good faith." Id. at 560. "An agency's affidavit is accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverablity of other documents." Id. (internal quotations omitted).

Applying these principles, and for the reasons detailed herein, this court finds that the government has met its burden of proving that its search was reasonable, comprehensive and appropriate, and that it has not withheld any responsive documents. The plaintiff has not established that HUD's search was not conducted in good faith. Therefore, the defendant's motion to dismiss will be allowed, and the plaintiff's motion for a writ of mandamus will be denied.

**Actions Undertaken By HUD**

**The Record**

In support of its motion to dismiss, HUD submitted the Declaration of Deena S. Jih, an Attorney Advisor in the Office of General Counsel for HUD, who was personally and directly involved in the search for documents responsive to the plaintiff's FOIA request. (Docket No. 20-1). In connection with its reply memorandum in support of its motion to dismiss, HUD submitted the Declaration of William I. F. Collins, Program Director for HUD's National Servicing Center, Single Family Servicing and Loss Mitigation Division. (Docket No. 26-1). Collins addressed the facts and arguments raised by the plaintiff in her opposition to the motion to dismiss. During oral argument on the motion to dismiss, the plaintiff represented that she had spoken to Eugene McGirt of HUD in connection with her FOIA request, and that he was the individual who had knowledge about the existence of records. At the request of the court, HUD then filed a Declaration of Eugene A. McGirt, a Government Information Specialist ("GIS") for HUD's FOIA Office. (Docket No. 30-1). Therein, McGirt addressed his responsibilities as a GIS, and the facts relating to the processing of the plaintiff's FOIA request. In addition to the government's filings, the plaintiff has also submitted a number of documents in connection with her oppositions to the motion to dismiss (Docket Nos. 10, 22) and her first amended motion for petition for writ of mandamus (Docket No. 31). While all of these materials submitted by both parties have been considered by the court, no effort will be made herein to address all the facts detailed in these pleadings.

**The FOIA Investigation**

On May 9, 2013, Windham submitted a FOIA request on HUD's public access link website, which read as follows:

> According to 7 CFR 1980.366,367, subpart D; USDA, FHA and HUD must be notified and consent must be given for an FHA secured loan to be sold, and the loan may not be in default. JP Morgan Chase sold my loan internally to themselves in November 2011, and I was looking for any and all documentation to support that they received approval and consent. Additionally, I am looking for any and all documentation in accordance with 7 CFR 1980.371 which would indicate the dates and methods JP Morgan Chase used to make the "reasonable attempt to contact" me in regards to my loan, AND to have the required face to face interview in accordance with 7 CFR 1980.308. I was instructed by the lender to not make ANY payments during my loan modification process, and asked them if I could exercise my right to a partial claim option, and was told by them that I was not eligible. Henceforth, and all documentation you may be able to provide as to why my right of partial claim was revoked would also be helpful since I just received correspondence from their attorneys advising me that I have 60 days to vacate my home with my 3 small children.

Jih Decl. ¶ 3; McGirt Decl. ¶ 7.[1]

As described more fully in the Jih and McGirt Declarations, the request was forwarded to the appropriate office – the HUD Office of Housing – which was the program office most likely to possess responsive records. See, e.g., McGirt Decl. ¶¶ 11-13. More specifically, the HUD National Servicing Center (NSC) – Single Family Servicing and Loss Mitigation Division, was assigned the task of searching for the documents. Id. ¶ 11; Jih Decl. ¶¶ 7-8 ("NSC has access to the HUD files and systems that relate to the servicing of single family FHA-insured loans and,

---

[1] In her mandamus motion, Windham seeks an order that HUD produce "Documents pertaining to the initiation, monitoring, conveyance, internal auditing of, initial insuring of, and claims relating to, all binders/documents in possession or control of HUD, FHA and GNMA, in relation to The Plaintiff's property located at 207 North Street, Randolph, MA 02368[.]"  (Docket No. 31 at Conclusion).

[6]

therefore, would be the only office within HUD to conduct a search for records responsive to [Windham's] Request[.]").  NSC determined that HUD did not have any of these documents, since they are not the type of records provided by the lender to HUD.  McGirt ¶ 12; Jih ¶ 10.

 HUD's investigation continued.  Jih reached out to Collins, the Program Director for NSC, who reviewed plaintiff's FOIA request, confirmed that HUD would not have records responsive to the FOIA Request, and explained the controlling regulatory scheme. [2]  Jih Decl. ¶ 11.  Collins further searched various other databases that might have information about plaintiff's property.  Jih Decl. ¶¶ 12-13.  Jih also contacted Justin Burch, Director of Office of Lender Activities and Program Compliance – Quality Assurance Division ("QAD"), the division responsible for monitoring and assessing FHA-approved lender performance, internal controls and compliance with HUD/FHA origination and servicing requirements.  Jih Decl. ¶ 14.  QAD confirmed that it did not have any records related to the plaintiff's mortgage loan.  Id.

 The affidavits submitted by HUD in the instant case not only describe the search undertaken in response to the plaintiff's FOIA request, but they also explain the regulatory scheme which supports the conclusion that the requested information would not be in its possession.  See, e.g., Jih Decl. Section III ("FHA Official Guidance Supports HUD's Position that Records Sought By [Plaintiff's Request] Are Not Federal Agency Records Subject to FOIA").  HUD has painstakingly responded to all the factual and legal assertions made by the plaintiff, and has addressed and explained all of the documents on which the plaintiff relies.  See, generally, Collins Decl.; HUD's Resp. to Pl.'s First Am. Mot. for Pet. for Writ of Mandamus (Docket No. 32).

---

[2] The plaintiff was incorrectly relying on regulations that related to Department of Agriculture loans only, not to FHA-insured loans.  Jih Decl. ¶ 11.

The affidavits are detailed, specific and non-conclusory.  The government has met its burden of establishing that it undertook a reasonable search, and that it is not withholding any documents responsive to plaintiff's request.

### III.  CONCLUSION

For all the reasons detailed herein, this court finds that HUD has not wrongfully withheld any materials responsive to the plaintiff's FOIA Request.  This court lacks subject-matter jurisdiction, and the defendant's motion to dismiss is ALLOWED.  The plaintiff's motion for a writ of mandamus is DENIED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge